UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ASBESTOS WORKERS MEDICAL FUND and TRUSTEES OF THE NATIONAL ASBESTOS WORKERS PENSION FUND 7130 COLUMBIA GATEWAY DRIVE, SUITE A COLUMBIA, MD  21046 | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) C.A. No.: ) |
| CARTER INSULATION SERVICES, LLC 205 Sudlow Lake Road Graniteville, SC  29829 | ) ) ) ) |
| Serve:    J. Paul Payne, Jr. 205 Sudlow Lake Road Graniteville, SC  29829 | ) ) ) ) ) |
| Defendant. | ) |

**COMPLAINT**

**(FOR BREACH OF PROJECT LABOR AGREEMENT,
TO COLLECT CONTRIBUTIONS DUE TO PLAINTIFF FUNDS
AND TO ENJOIN VIOLATIONS OF THE TERMS OF AN
EMPLOYEE BENEFIT PLAN)**

**Jurisdiction**

1.     This Court has jurisdiction of this action under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, (hereafter "ERISA"), 29 U.S.C. §§ 1132 and 1145, and under Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185(a).  This is an action for breach of a Project Labor Agreement between an employer and a labor organization representing employees in an industry affecting commerce and an action to collect contributions due to employee benefit plans under the terms of the Project Labor Agreement.

**Parties**

2.     Plaintiffs are the Trustees of the National Asbestos Workers Medical Fund and

Trustees of the National Asbestos Workers Pension Fund (hereinafter "NAW Funds"), multiemployer

employee benefit plans as that term is defined in Section 3(3) and 3(37) of ERISA, 29 U.S.C.

§ 1002(3) and (37) (as amended).  The Plaintiff Funds are established and maintained according to

the provisions of the Restated Agreements and Declarations of Trust establishing the NAW Funds

(hereinafter "Trust Agreements") and the Collective Bargaining Agreement between Asbestos

Workers Local Union No. 37 (hereinafter "the Union") and the Defendant.  The NAW Funds are

administered at 7130 Columbia Gateway Drive, Suite A, Columbia, MD  21046.

3.     Defendant Carter Insulation Services, LLC is a corporation existing under the laws

of the State of South Carolina with offices located in South Carolina.  Defendant transacts business in

the State of South Carolina as a contractor or subcontractor in the insulation industry and all times

herein was an "employer in an industry affecting commerce" as defined in Sections 501(1), (3), 2(2)

of the Labor-Management Relations Act, 29 U.S.C. Sections 142(1), (3) and 152(2); Section 3(5),

(9), (11), (12), (14) of ERISA, 29 U.S.C. Sections 1002(5), (9), (11), (12), (14); and Section 3 of the

Multi-Employer Pension Plan Amendments of 1980, 29 U.S.C. § 1001(a).

**COUNT I**

4.     Defendant is bound to the Site Support Alliance Agreement between Savannah

River Nuclear Solutions and the August Building & Construction Trades Council for the Department

of Energy at the Savannah River Site which is a Project Labor Agreement establishing terms and

conditions of employment for heat and frost insulators employed by the Defendant for work

performed at the Savannah River Site (hereinafter "PLA").

5.     Pursuant to the PLA, Defendant agreed to pay to the Plaintiff NAW Funds

certain sums of money for each hour worked by employees of Defendant covered by the PLA.

6.      Pursuant to the PLA, the Defendant adopted and agreed to be bound to the terms of the Agreements and Declarations of Trust establishing the NAW Funds (hereinafter "Trust Agreements").

7.      Defendant employed certain employees covered by the PLA during the months of December 2010 through the present.

8.      Pursuant to information gathered by the Fund Administrator, the Plaintiff NAW Funds have determined that the Defendant has failed to pay contributions in the amount of $898.26 owed to the Plaintiff NAW Funds for work performed during the month of January 2016. Pursuant to the terms of the PLA, Defendant is obligated to submit report forms and pay contributions owed to the Plaintiff NAW Funds.

9.      Pursuant to information gathered by the Fund Administrator, the Plaintiff NAW Funds have estimated that the Defendant has failed to pay contributions in the amount of $2,068.72 owed to the Plaintiff NAW Funds for work performed during the month of February 2016. Pursuant to the terms of the PLA, Defendant is obligated to submit report forms and pay contributions owed to the Plaintiff NAW Funds.

10.      Defendant's contributions on behalf of its heat and frost insulator employees for the months of January and February 2016 are late.

11.      The Trust Agreement establishing the Plaintiff NAW Medical Fund provides as follows:

> If an Employer fails to file reports or make contributions within ten (10) calendar days of the due date, there shall be added to and become a part of the amount due and unpaid: (1) liquidated damages for each monthly report or payment due to the Fund, in the amount of twenty percent (20%) of the amount due or 20 dollars, whichever is greater, plus interest at the rate of eight percent (8%) from the due date to the date of payment; or (2) interest at

the rate of 1 1/2% per month; or (3) double interest as provided in the Act.

12.    Pursuant to this provision, Defendant is obligated to the Plaintiff NAW Medical Fund in the amount of $125.97 in interest on the late payments for the months of January and February 2016 assessed at the rate of 1 1/2% per month in accordance with the Trust Agreement and continuing to accrue on the unpaid contributions through the date of payment.

13.    The Trust Agreement establishing the Plaintiff NAW Pension Fund provides as follows:

> If an Employer fails to file reports or make contributions within ten (10) calendar days of the due date, there shall be added to and become a part of the amount due and unpaid:  (1) liquidated damages for each monthly report or payment due to the Fund, in the amount of twenty percent (20%) of the amount due or 20 dollars, whichever is greater, plus interest at the rate of eight percent (8%) from the due date to the date of payment; or (2) double interest as provided in the Act.

14.    Pursuant to this provision, Defendant is obligated to the Plaintiff NAW Pension Fund in the amount of $318.98 in liquidated damages, plus $69.21 in interest assessed on the late payments for the months of January and February 2016 in accordance with the Trust Agreement and continuing to accrue on the unpaid contributions through the date of payment.

**WHEREFORE**, in Count I, the Plaintiff NAW Funds pray for Judgment as follows:

A.    In the amount of $2,966.98  in contributions due for work performed in January and February 2016, plus costs and reasonable attorneys' fees pursuant to the Trust Agreements and 29 U.S.C. § 1132(g).

B.    In the amount of $318.98 in liquidated damages, plus $69.21 in interest assessed on the late payments for the months of January and February 2016 pursuant to the Trust Agreements and 29 U.S.C. § 1132(g).

C.    For all contributions, liquidated damages and interest which become due

4

subsequent to the filing of this action through the date of Judgment pursuant to the PLA, Trust Agreements and 29 U.S.C. § 1132(g).

        D.     For such further relief as the Court may deem appropriate.

## COUNT II

15.     Plaintiffs hereby adopt, incorporate, and restate in Count II paragraphs 4 through 14 of Count I.

16.     Pursuant to the PLA and to the Trust Agreements, the Trustees of the NAW Funds have the authority to conduct an audit of the payroll and wage records of the Defendant for the purposes of determining contributions owed to the Plaintiff NAW Funds for unreported months and to determine the accuracy of contributions reported to the Plaintiff NAW Funds.

17.     In June 2016, the NAW Funds' auditor contacted the Defendant to schedule an audit of the Defendant's wage and payroll records by reviewing said records for the period January 1, 2013 through the date of the audit.

18.     Defendant refused access to the Defendant's records that were requested by the NAW Funds' auditor for the period of January 1, 2013 through the date of the audit.

19.     The NAW Fund's auditor requested these records to determine if any amounts are due to the NAW Funds for the period of January 1, 2013 through the date of the audit.

20.     Pursuant to the above-mentioned PLA and the Trust Agreement, the Defendant is required to submit to the NAW Funds the records that were requested by the NAW Funds' auditor.

21.     Defendant continues to refuse access to the records that were requested by the NAW Funds' auditor.

22.     Pursuant to the Trust Agreement, when an Employer that fails to pay contributions in a timely fashion shall be liable for interest assessed on the amounts owing, attorneys' fees and Court costs.

23.     Pursuant to the Trust Agreement, when an audit of an Employer's records discloses contributions due to the Funds which are 5% or more of the total contributions owed by the Employer for the period audited, the Employer shall also be obligated to pay the audit fee, provided that the Trustees, in their discretion, may also determine to charge an employer with audit fees in other circumstances.

**WHEREFORE**, in Count I, the Plaintiff NAW Funds pray for judgment as follows:

A.     That this Court enforce the terms of the PLA and the Trust Agreement and order Defendant to permit a complete audit of its wage and payroll records for the period of January 2013 through the date of the audit.

B.     That Plaintiffs have Judgment against Defendant for the amount determined as owing by the audit requested in paragraph B, plus interest from the date of any delinquency until the date of payment, costs and reasonable attorneys' fees pursuant to the PLA, the Trust Agreement and 29 U.S.C. § 1132(g).

C.     That Plaintiffs have Judgment against Defendant for all expenses, including accountant's fees, related to the audit and the attempted audit of its payroll and wage records, pursuant to the terms of the Trust Agreement.

D.    For such further relief as the Court may deem appropriate.

Respectfully submitted,

**O'DONOGHUE & O'DONOGHUE LLP**
4748 Wisconsin Avenue, N.W.
Washington, D.C.  20016
(202) 362-0041 - telephone
(202) 362-2640 – facsimile
cgilligan@odonoghuelaw.com

By: _____/s/_____
Charles W. Gilligan
Maryland Bar No.:  05682

Attorneys for Plaintiffs

278754_1

7

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Complaint has been served by certified mail, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this 7th day of October, 2016 on the following:

> The Office of Division Counsel
> Associate Chief Counsel (TE/GE) CC: TEGE
> Room 4300
> 1111 Constitution Avenue
> Washington, DC  20224
> Attention:  Employee Plans
>
> Secretary of Labor
> 200 Constitution Avenue, N.W.
> Washington, DC  20210
> ATTENTION:  Assistant Solicitor for
>         Plan Benefits Security

_____ /s/ _____
Charles W. Gilligan

278754_1